Celeste **PHILLIPS**, Appellant,

v.

Irene Seaborn Jones **WHITESIDE**,
Appellee.

No. 80.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 27, 1968.

Pritchett Harvey, Houston, for appellant.

U. S. Ardoin, Houston, for appellee.

BARRON, Justice.

This is an action of trespass to try title filed by plaintiff-appellant, Celeste Phillips, against Irene Seaborn Jones Whiteside, defendant-appellee, for title and possession of the south one-half of Lot No. 20 in Block No. 5 of Blossom Heights, Section One, a subdivision of the E. P. Whitehead Survey in Harris County, Texas. At the conclusion of the testimony the trial court withdrew the case from the jury and rendered judgment in favor of Mrs. Whiteside, appellee, and decreed that Mrs. Phillips take nothing. Mrs. Phillips has duly

perfected her appeal from the judgment below.

The evidence wholly fails to make a case in favor of appellant. Documents were introduced into evidence showing that on March 20, 1954, the property was deeded by one Carl F. Modglin (agreed to be the common source of title) to Celeste S. Phillips, a widow. On the same date Mrs. Phillips executed a deed of trust mortgage to Ralph B. Lee, trustee for Carl F. Modglin, to secure the payment of one certain vendor's lien note in the principal sum of $2,961.49, payable in monthly installments of not less than $35.00 each, including interest, the first installment being due on or before April 20, 1954, and providing for attorney's fees and for acceleration of maturity in event of default, the note providing that the holder shall have the option "without demand or notice to the maker" to declare the note "immediately due and payable and may thereupon foreclose the liens given to secure its payment." The deed of trust was given as additional security and was cumulative of the vendor's lien retained in the deed. On October 3, 1956, Ralph B. Lee, trustee, conveyed to Carl F. Modglin the property above described. It was recited that default had been made in the payment of the note and that the deed of trust was being foreclosed according to its terms. The deed of the trustee recited that Modglin purchased the property at public sale for the sum of $100.00. All necessary recitals for foreclosure were recited in the trustee's deed and the deed appears to be regular in all respects. On October 24, 1956, Modglin and Irene Seaborn Whiteside executed a contract of sale of the property involved to appellee for a total consideration of $2,858.02, reciting a cash payment to Modglin of $250.00 by appellee. On May 21, 1964, Modglin, pursuant to the contract, executed a general warranty deed to Irene Seaborn Whiteside, a feme sole, covering the property involved, and the deed was duly filed and recorded.

The testimony is somewhat difficult to understand. However, the substance of the testimony was that appellant's former husband had agreed to go into a partnership with appellee in the cafe business, that the former husband left and returned to California. The implication was that there was some type of oral agreement between the parties and that the former husband, Jones, did not fulfill his agreement. The record shows, however, that after the foreclosure, appellant, for some time, paid rent to appellee, Mrs. Whiteside, on the property involved. She stopped paying rent finally and removed from the property.

Appellant alleges that a tender to Mrs. Whiteside of $2,608.02, with interest and other costs, but no money, was ever paid into the registry of the court and we find no evidence of such tender in the record. Appellant, somewhat belatedly, took the position that no demand for payment by Mrs. Phillips was made by Modglin prior to the institution of this suit, and that there is no evidence of his intention to accelerate maturity of the note by affirmative action toward enforcing the declared intention. The claim is that the foreclosure is void. There is no testimony in the record on this subject one way or the other so far as we have been able to determine. Modglin is not a party to this suit and did not testify.

Appellant relies upon the case of Jernigan v. O'Brien, 303 S.W.2d 515 (Tex.Civ. App.), no writ, and cases cited therein. But we do not find that case applicable here. As stated above, the note in the case at bar provided for acceleration of maturity at the holder's option without demand or notice to the maker, and the note further provided for waiver of notice and presentation for payment. Moreover, the deed of trust expressly provided that any deed executed by the trustee "shall be full evidence and prima facie proof of each and all matters therein recited, and no other proof shall be requisite thereof, including maturity of the indebtedness, the request that trustee sell the mortgaged property" and other matters relating to the foreclosure and sale. The note and deed of trust in the Jernigan case included none of the provisions above

providing for waiver of demand, notice and presentation for payment, nor provisions for presumption of regularity in the event of foreclosure. The case and authorities cited in support thereof are not in point. However, we find cited in the Jernigan case an exception to the rule there stated, to-wit: Bankers' Life Co. v. Miller, 68 S. W.2d 574 (Tex.Civ.App.), writ ref., involving a deed of trust and note similar to those in this case.

The above provisions of the note and deed of trust that in case of sale of the property a presumption arises that all prerequisites to the sale have been performed, and provisions providing for waiver, presentation and demand are valid, and we overrule appellant's contentions. There is nothing in the record which would create a fact issue to be submitted to the jury, and appellee having shown record title in her, we affirm the trial court's judgment. See Jacobson v. National Western Life Ins. Co., 403 S.W.2d 528 (Tex.Civ.App.), no writ; Bateman v. Carter-Jones Drilling Co., 290 S.W.2d 366 (Tex.Civ.App.), writ ref., n. r. e.; 39 Tex.Jur.2d Sec. 153, p. 210.

Judgment affirmed.