Clayton **BODIFORD** d/b/a Bodiford
Investment Company and Trustee,
Kenneth C. Kautz, Appellants,

v.

Carol D. **PARKER**, Appellee.

No. 2–82–197–CV.

Court of Appeals of Texas,
Fort Worth.

April 21, 1983.

Rehearing Denied May 26, 1983.

Ball, Landrith & Kulesz and G. Craig
Hubble, Arlington, for appellants.

Gary L. Nickelson, Fort Worth, for appellee.

## OPINION

ASHWORTH, Justice.

Appellee, Parker, was granted a temporary injunction in the trial court enjoining and prohibiting appellant, Bodiford Investment Company, from foreclosing on real property purchased by appellee from appellants. The trial court, in granting the temporary injunction, held that appellee had not received sufficient notice of appellants' intent to foreclose the mortgage. Appellants appeal on the sole ground that the requirement of such notice had been waived by appellee under the provisions of the Deed of Trust.

We affirm the judgment of the trial court.

In February of 1980 appellee executed a Second Vendor's Lien Note and Deed of Trust in the amount of $15,694.41 in favor of appellant, Bodiford Investment Company. Appellee made all payments on this second lien note until the one due August 15, 1982; appellee testified she believed this payment was mailed on August 26, 1982.

On August 26, 1982, she received a letter from the trustee, Kenneth C. Kautz, notifying appellee that her August 15th payment was past due and that the note was accelerated. The real property secured by said note and Deed of Trust was posted for foreclosure by Trustee's sale. The Notice of Trustee's Sale was attached to the letter.

Appellee was not given any notice to the effect that her payments were in default and that the Deed of Trust mortgage would be foreclosed unless payments were brought current. She filed this action for an injunction primarily on the ground that she was not given sufficient notice of the delinquency and of the intent to foreclose the Deed of Trust mortgage.

■ Appellants' sole ground of error claims that the trial court erred in granting the temporary injunction enjoining the Trustee's sale because appellee had waived presentment of the note and demand for payment of the past due installments prior to acceleration of the maturity of the note.

Paragraph 8 of the Deed of Trust executed by appellee contains the language on which appellants rely for a waiver of presentment of the note and demand for payment of the past due installment prior to acceleration of the maturity of the note. That paragraph reads as follows:

> But should Grantors make default in the punctual payment of said indebtedness or any part thereof, principal or interest, as the same shall become due and payable, ... then ... the entire indebtedness hereby secured ... may, at the option of the Beneficiary, ... be immediately matured and become due and payable without demand or notice of any character, and it shall thereupon, or at any time thereafter, be the duty of the Trustee ... to enforce this Trust and make sale of said real property as provided in Article 3810 ... after notice as provided in said article (but without any other notice than is required by said Article 3810, as amended) ...

It is noted that the provision provides for *an option* on the part of the beneficiary to accelerate without demand or notice. *Og-*den v. Gibraltar Sav. Ass'n, 640 S.W.2d 232, 234 (Tex.1982) sets forth the notices required:

1. "Notice of intent to accelerate is necessary in order to provide the debtor an opportunity to cure his default prior to the harsh consequences of acceleration and foreclosure."

2. "Proper notice that the debt has been accelerated, in the absence of a contrary agreement or waiver, cuts off the debtor's right to cure his default and gives notice that the entire debt is due and payable."

In *Gibraltar,* the court went on to hold that since there was no proper notice of intent to accelerate, any attempted acceleration was ineffective. The court reserved the question of whether, after proper notice of intent to accelerate, a Notice of Trustee's Sale is sufficient to give notice that the debt has been accelerated.

In the case under consideration, there was no *notice of intent* to accelerate given, therefore the beneficiary could not accelerate even if further notice of acceleration was waived.

■ There is another type of waiver frequently present in cases of this type. That is the implied waiver of requirement of punctual payments by acceptance of payments made past the due date. *McGowan v. Pasol,* 605 S.W.2d 728 (Tex.Civ.App.— Corpus Christi 1980, no writ); *Diamond v. Hodges,* 58 S.W.2d 187 (Tex.Civ.App.--Dallas 1933, no writ) and *Matter of Marriage of Rutherford,* 573 S.W.2d 299 (Tex.Civ.App.— Amarillo 1978, no writ). In the instant case, appellee testified that the property involved was her homestead; that she had been late in making her payments (the record does not disclose with what frequency); that she believed the August 15, 1982 payment was mailed on August 26, 1982; that on August 26, 1982, she received a letter and Notice of Trustee's Sale from appellants' attorney. It is uncontroverted that appellants had accepted late payments in the past, and in addition to being required to give notice of intent to accelerate, he had

waived his right to rely upon the appellee's waiver contained in the Deed of Trust.

█ *Still another reason exists requiring* the trial court's order to be affirmed. When the Notice of Trustee's Sale was forwarded to appellee, it was accompanied by a letter dated August 26, 1982, from appellants' attorney. This letter advised that the note had been accelerated and that no further partial payments would be accepted, and further stated, "you now must, in addition to the principal of $14,553.77 plus accrued interest and *penalty,* pay an amount equal to 10% thereof as attorney's fees for the collection of said Note." (Emphasis supplied.) A close examination of the note and Deed of Trust fails to disclose any provision for a penalty as demanded in the letter.

The consideration of this court is to determine whether the trial court abused its discretion in granting the temporary injunction which preserves the status quo until the controversy can be decided on its merits. We are required to view the evidence in the light most favorable to the trial court's judgment. *Hartwell's Office World v. Systex Corp.,* 598 S.W.2d 636 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). 'The purpose of the law is to protect the rights of the parties, not to oppress and subject parties to unauthorized forfeitures. The trial court was amply justified in granting the temporary injunction; failure to do so would have been an abuse of discretion.

The order of the trial court is affirmed.

FENDER, C.J., and BURDOCK and SPURLOCK, JJ., concur.

JORDAN, J., dissents, joined by HUGHES, J.

JORDAN, Justice, dissenting.

I respectfully dissent.

Appellants contend that language contained in paragraph 8 of the Deed of Trust is a clear waiver of any requirement of notice other than the notice of foreclosure proceedings as required by Tex.Rev.Civ. Stat.Ann. art. 3810 (Supp.1982). The trial court, according to the statement of facts of the hearing on the injunction, apparently felt that because there was no waiver of presentment of the note and demand for payment for the past due installment contained in the note itself, that there was no waiver of presentment of the note and demand for payment. With this ruling I disagree.

Requirement of the notice of the intent to accelerate and to give the mortgagor the opportunity to cure the default may be waived. In *Ogden v. Gibraltar Sav. Ass'n,* 640 S.W.2d 232, 233–234 (Tex.1982) it was said:

> Thus, *in the absence of a waiver,* the holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate. *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863 (Tex.1975) . . . Notice of intent to accelerate is necessary in order to provide the debtor an opportunity to cure his default prior to harsh consequences of acceleration and foreclosure. *Proper notice that the debt has been accelerated, in the absence of a contrary agreement or waiver, cuts off the debtor's right to cure his default and gives notice that the entire debt is due and payable.* [Emphasis added.]

It has been held that where a promissory note secured by a deed of trust had provisions for acceleration of maturity without notice and waiver of presentment for payment, foreclosure was proper without presentment of the note for payment and without notice of intention to accelerate maturity of the note. *See Whalen v. Etheridge,* 428 S.W.2d 824 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Burnett v. Manufacturer's Hanover Trust,* 593 S.W.2d 755 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Valley v. Patterson,* 614 S.W.2d 867 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Purnell v. Follett,* 555 S.W.2d 761 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ).

Appellee contends that the case of *Purnell v. Follett, supra,* supports her position in this case that there was no waiver of the requirement of presentment of the note for payment and of the notice of intent to accelerate. She contends that the acceleration clause in this case is very similar to the acceleration clause in *Purnell.* I disagree, for the reason that the court in *Purnell,* in holding that there was no clear language indicating a waiver of notice of intent to accelerate the mortgage payments because of failure to pay taxes, pointed out that the acceleration clause in the note and Deed of Trust read as follows:

shall have the option to declare all of the indebtedness immediately due and payable *and* without demand upon, or notice to, the Grantors, to foreclose the lien of the Deed of Trust ... [Emphasis added.]

*Purnell v. Follett, supra,* at page 764.

The language of the acceleration clause in *Purnell v. Follett, supra,* differs from the language of the acceleration clause in the case sub judice. The acceleration clause in this case states in simple, clear language that in the case of default the entire indebtedness may be immediately matured without demand or notice of any character, and that the trustee shall enforce the trust and sell the property under art. 3810 after notice as provided in that article (but without any other notice than is required by said art. 3810, as amended). That language is unequivocal and plain and precludes the necessity of any notice other than that of the foreclosure of the property.

The trial court seemed to feel that since the waiver provisions were not contained in the promissory note that there could be no waiver in this case. I believe that proposition is untenable for the reason that where a note and deed of trust are executed contemporaneously as security instruments in the course of a single transaction, as in this case, they are to be considered as though they are in fact a single instrument. *See B & B Pharmacy & D., Inc. v. Lake Air Nat. Bank of Waco,* 449 S.W.2d 340 (Tex.Civ. App.—Waco 1969, writ dism'd); *Bennett v.*

*State Nat. Bank, Odessa, Tex.,* 623 S.W.2d 719 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

The majority opinion seems to hold that there was "a waiver of the waiver" in this case. It states that appellee "had been late in making her payments (the record does not disclose with what frequency) ... " In fact, all the evidence revealed is the simple fact that that appellee was apparently late in making one payment. Here is the testimony of appellee Parker, and the only testimony, on that point:

Q. All right. Have you ever been late, as far as past the 15th, on your payments to Mr. Bodiford?

A. Yes, I have.

Q. And how late have you been, if you hadn't made them on the 15th?

A. Probably as late as the 20th.

Q. However, in August of this year you were later than normal; is that correct?

A. Yes.

It is my opinion that this evidence, above recited, does not even come close to constituting evidence of a pattern or habit of acceptance of late payments by appellants which would negate or waive appellants' right to rely on the waiver provisions contained in paragraph 8 of the Deed of Trust. Moreover, the acceptance of late payments was not raised or urged by appellee in the trial court or on appeal as a defense to the waiver provisions contained in the Deed of Trust.

I would reverse the judgment of the trial court and order the temporary injunction dissolved.

HUGHES, J., joined.