**REAL ESTATE EXCHANGE, INC.,
et al., Appellants,**

v.

**Leonardo S. BACCI, et al, Appellees.**

**No. 01–84–0248–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 9, 1984.

James H. Leeland, Walsh, Squires & Tompkins, Houston, for appellants.

Greg Savage, Hoover, Cox & Shearer, Houston, for appellees.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

**OPINION**

WARREN, Justice.

This is an appeal from an order temporarily enjoining appellants from foreclosing its lien on an apartment complex in Harris County. We reverse.

In June 1980, appellees purchased an apartment complex in Harris County and as partial payment of brokerage fees due appellants, they executed a promissory note, secured by a deed of trust on the property. The promissory note was payable in monthly installments due on the first day of each month.

Appellees' payments on the note were seldom timely. In January 1984, the check for the monthly installment was returned due to insufficient funds. On February 3, 1984, appellants notified each of the appellees in writing that no future late payments would be accepted. When the

March installment was not timely received, appellants contacted their lawyers and instructed them to institute foreclosure proceedings. On March 7, six days after the due date, appellants received a check for the March installment. On March 9, the check was returned with a letter notifying appellees that the note had been accelerated and that a foreclosure sale was pending. On March 12, appellants notified appellees of the time and place of the foreclosure sale scheduled for April 3, 1984.

Our question is whether appellants were under a legal duty to give notice of their intention to accelerate before actual acceleration or whether by the terms of the note appellees expressly waived the right to such notice.

█ Where the holder of a promissory note has the option to accelerate maturity of the note upon the maker's default, equity demands that notice be given of the intent to exercise the option. Thus, in absence of a waiver, the holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate. *Ogden v. Gibraltar Savings Assn.*, 640 S.W.2d 232 (Tex.1982).

However, if by the terms of the note the maker expressly waives the right to notice of acceleration, then such notice is unnecessary. *Slivka v. Swiss Avenue Bank*, 653 S.W.2d 939 (Tex.App.—Dallas 1983, no writ); *Valley v. Patterson*, 614 S.W.2d 867 (Tex.App.—Corpus Christi 1981, no writ).

█ In our case, the note contained the following provisions:

In the event default is made in the payment of the principal of this note, or any interest thereon as the same becomes due and payable or in whatever manner its maturity may be brought about, then the legal holder hereof shall have the option without demand or notice to the maker or other person obligated hereon, to declare this note immediately due and payable and may thereupon foreclose the liens given to secure its payment.

\*　　\*　　\*　　\*　　\*　　\*

Each maker, surety and endorser waives grace, protest, notice and presentation for payment, and consents that the time of payment may be extended, or this note renewed, without notice and without releasing any of the parties.

Although this acceleration is optional rather than automatic, the note expressly provides that the option may be exercised by the holder *without demand or notice* to the maker.

We hold that the above quoted provisions in the note were sufficient to constitute a waiver by appellees of the right to notice of acceleration and that appellants were under no legal duty to notify appellees of its intention to accelerate. *Whalen v. Etheridge*, 428 S.W.2d 824 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Phillips v. Whiteside*, 426 S.W.2d 350 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

The judgment of the trial court is reversed and the temporary injunction is dissolved.