**Guadalupe BALDAZO, Appellant,**

v.

**VILLA OLDSMOBILE, INC., Appellee.**

No. 07–84–0107–CV.

Court of Appeals of Texas,
Amarillo.

August 23, 1985.

Marcy Wenzler, West Texas Legal Services, Lubbock, for appellant.

Larry A. Elms, Kimmel & Elms, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a suit to collect the deficiency owed on a secured promissory note, after default by the borrower and repossession and sale of the collateral. Appealing from a judgment in favor of creditor-appellee Villa Oldsmobile, Inc., (Villa Olds) the debtor-appellant Guadalupe Baldazo advances three grounds for reversing the judgment. We agree with his first contention and reverse and render.

Baldazo purchased a new Oldsmobile from Villa Olds in June 1981, and financed the purchase by agreeing to pay for the car in forty-eight monthly installments. Villa Olds then assigned the note to General Motors Acceptance Corporation (G.M.A.C.) with recourse. Approximately a year later, Baldazo lost his job and fell behind in his monthly payments. He then voluntarily surrendered the car to G.M.A.C., which took it to the Villa Olds premises and sent the following letter to Baldazo:

> Since you have not made your payments, we have taken your vehicle. It is to be held at Villa Oldsmobile, Inc., Lubbock, Texas. It must be held at least until 9:00 a.m. September 7, 1982. It may be sold at any time after that. (A sale includes a lease.)
>
> To get your vehicle back you must pay all past due payments, plus expenses. Then you must start your monthly payments again. You can get your vehicle back any time until it is sold. As of the date of this letter you must pay:

| | |
|---|---|
| Past Due Payments (2 of $327.05 and one of $ – – ) | $654.10 |
| Late charges | $ 20.00 |
| Expenses | $ – – |
| Total | $674.10 |

> *The longer you wait, the more you may have to pay to get your vehicle back.* Only reasonable expenses may be charged. They must be the direct result of retaking, storing, and selling the vehicle. We can also charge you the costs of getting it ready for sale and reasonable lawyers' fees.
>
> *If the vehicle is sold,* the unpaid balance, expenses, and other liens will be deducted from the sale price.
>
> If any money is left, it must be sent to you within 45 days. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law. If the sale price is less than the total amount you owe, you still owe the rest.
>
> If you have insurance or a service contract through GM, GMAC, MIC or CIM as part of your contract, we will cancel it. Make sure any other coverage you no longer want is cancelled. Call the insurance company or the dealer to do this. You have a right to credit for any refunds.
>
> Any personal property that was in your vehicle and has not already been returned is being held at N/A. You may claim it on any business day between 9 A.M. and 5 P.M. within 30 days from the date of this letter.
>
> Contact us to get your vehicle back. If you have any questions, let us know.

When Baldazo was unable to pay the delinquency, G.M.A.C. collected the note balance from Villa Olds and reassigned the note to it. Villa Olds then sold the car for approximately $4,000.00 less than was owed on it and sued Baldazo for the deficiency. Baldazo responded by alleging two causes of action against Villa Olds for unfair trade practices.

After a bench trial, the court rendered judgment for Villa Olds for the deficiency of $4,187.11, plus interest, attorney's fees, and costs, and denied Baldazo recovery on his cross-action. In this Court, Baldazo attacks the judgment by three points of error. We will consider only the first point, which is dispositive of the case. In doing so, we observe that Baldazo has not brought forward points of error specifically complaining of the trial court's disposition of his cross-actions. Therefore, our resolution of Villa Olds' suit does not affect the judgment against Baldazo on his cross-actions.

■ By his first point, Baldazo seeks a reversal of the deficiency judgment because no one sent him an acceleration notice.[1] Baldazo gave Villa Olds the right to accelerate the note if he defaulted, but he did not waive notice of acceleration. The only notice sent to him after he surrendered the car, however, was the letter from G.M.A.C. quoted above. The only reference in the G.M.A.C. letter to the balance due on the note or the prospect of acceleration is the statement, "If the sale price is less than the total amount you owe, you still owe the rest."

■ When a secured promissory note gives the holder the option to accelerate the maturity of the note upon the maker's default, equity demands notice of several events, unless notice is specifically waived.[2] First, the holder of the note must present the note before accelerating it, demand payment of the past due installments, *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex.1975), and advise the maker that the note will be accelerated and the entire balance will become due and payable if the delinquency is not cured. *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex.1982).

■ Thereafter, absent payment of the delinquency, the holder must give notice that the debt has been accelerated. *Ogden v. Gibraltar Sav. Ass'n, supra.* That notice cuts off the debtor's right to cure the default and gives notice that the entire debt is due and payable. *See Faulk v. Futch*, 147 Tex. 253, 214 S.W.2d 614 (1948). The sequence of notices just outlined must be followed. Notice that the debt has been accelerated has no legal effect unless preceded by notice that the debt will be accel-

erated. *Ogden, supra; Allen Sales & Servicenter, Inc., supra.*

■ In this case, one-half of the first notice was given. Baldazo was advised of the delinquent installments. He was not, however, given notice of intent to accelerate, or, for that matter, notice of acceleration. The one reference in the letter to his obligation to pay any balance remaining after the sale says nothing about accelerating that balance. Thus, the attempt to accelerate the note was ineffective.

Because Villa Olds did not, as a matter of law, accelerate the balance due under the note, it failed, as a matter of law, to prove the cause of action to collect the accelerated balance. Accordingly, point of error one is sustained, the judgment of the trial court decreeing recovery against Baldazo is reversed and judgment here rendered that Villa Olds take nothing.

---

1. Baldazo concludes the argument under his first two points by asking us to reverse the deficiency judgment and award him damages. We will reverse the deficiency judgment, for the reasons stated in this opinion, but we cannot award him damages because (1) under this record, that would be a fact finding function beyond our authority, *Deviney v. Henneman*, 366 S.W.2d 688, 691 (Tex.Civ.App.—Amarillo 1963, no writ), and (2) as noted above, he does not attack the failure of the trial court to find the elements of his alleged actions. *Ford Motor*

*Credit Co. v. Brown*, 613 S.W.2d 521, 522 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).

2. We will discuss only the equitable notices discussed in the case law. No attempt is made to list the various statutory notices that may be required. *See, e.g.,* Tex.Bus. & Com.Code Ann. § 9.504(c) (Tex. UCC) (Vernon Supp. 1985) and *Tanenbaum v. Economics Laboratory, Inc.,* 628 S.W.2d 769 (Tex.1982).