**Gene A. SHUMWAY and Sandra Shumway, Appellants,**

v.

**HORIZON CREDITCORP, Appellee.**

No. 01–88–00028–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 9, 1989.

Rehearing Denied April 6, 1989.

Debra Jo Catlett and Roy W. Hendrick, Houston, for appellant-relator.

Mary Lou Leyh Baker and Patricia Ann Hancock, Brown, Sharman & Parker, Houston, for appellee.

Before EVANS, C.J., and COHEN and WARREN, JJ.

## OPINION ON REHEARING

COHEN, Justice.

Our prior opinion dated December 15, 1988, is withdrawn, and the following opinion is substituted. The motion for rehearing is granted.

This is an appeal from a summary judgment on a promissory note, awarding appellee $37,777.77, plus interest and attorney's fees.

Appellee alleged that appellants had defaulted on a note that was secured by an interest in a sailing vessel. As summary judgment evidence, appellant attached copies of the note and the security agreement, and an affidavit of its agent, Roger Plosa. The note provides that upon default by non-payment, appellee may accelerate the entire unpaid balance, plus accrued interest, without prior notice or demand. The note also provides that appellants remain liable despite any damage to, or destruction of, the vessel. Mr. Plosa testified in his affidavit that: (1) on July 16, 1984, appellants executed the note payable to appellee for a total amount of $84,454.68, and granted appellee a security interest in a sailing vessel; (2) that when the vessel was damaged, appellants ceased paying the note; (3) that the outstanding balance was $37,777.77, including principal and interest earned through February 27, 1987; (4) that the note was in default; and (5) that appellee, in accordance with its rights under the agreement, had accelerated the note.

Appellants filed affidavits stating that the vessel was a total loss.

In their sole point of error, appellants contend that "appellee's pleadings were insufficient as a matter of law to support the trial court's granting of appellee's motion

**388**

for summary judgment for default under the terms of the promissory note." Appellants argue that the summary judgment evidence was legally insufficient because: (1) there was no proof of demand or notice of acceleration, other than a legal conclusion by an interested witness;[1] and (2) there was no proof to support the amount of damages due and owing. Appellants also contend that there was a fact issue raised about whether they were liable on the note.

A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); Tex.R.Civ.P. 166a. In a summary judgment proceeding, the burden of proof is on the movant, and all doubts as to the existence of a genuine issue of fact are resolved against him. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex.1982) (per curiam). Once the movant has established a right to a summary judgment, the burden shifts to the non-movant, who must then present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ Appellants first argue that there is no evidence to show demand, notice of intent to accelerate, and notice of acceleration, other than Mr. Plosa's statement that appellee "has executed its rights in accordance with the written agreement to accelerate the promissory note and declare all remaining payments due and owing." However, the promissory note expressly provides that upon default, appellee "may require that the entire unpaid balance of the Amount of Loan plus accrued interest and late charges be paid at once *without prior notice or demand*." (Emphasis added.) Language to this effect is an express waiver of demand and notice of acceleration requirements. *See Real Estate Exchange, Inc. v. Bacci*, 676 S.W.2d 440, 441

(Tex.App.—Houston [1st Dist.] 1984, no writ); *Slivka v. Swiss Ave. Bank*, 653 S.W. 2d 939 (Tex.App.—Dallas 1983, no writ); *Valley v. Patterson*, 614 S.W.2d 867, 871–72 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Phillips v. Whiteside*, 426 S.W.2d 350, 351–52 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ).

■ Appellants next contend that there is no evidence to support the $37,777.77 award of damages. They argue that appellee's summary judgment proof of damages is ambiguous because there is no breakdown of the damages. The note provided that the total amount due under the note for a period of 180 months was $84,454.68, to be paid as follows: the first 12 monthly installments in the amount of $397.55 each; the next 167 monthly installments in the amount of $474.31; and the final monthly installment for the remaining unpaid balance, estimated to be $474.31. The note also specified that the estimated interest would be $49,283.68, calculated at an annual percentage rate of 10.9% during the first 12 months, and at 14.25% during the remainder of the term. Mr. Plosa testified in his affidavit that the outstanding balance was $37,777.77, including principal and interest earned through February 27, 1987.

This evidence was sufficient as a matter of law to prove damages, *see Western Federal Sav. & Loan Corp. v. Atkinson Fin. Corp.*, 747 S.W.2d 456, 463 (Tex.App.—Fort Worth 1988, no writ), and appellants did not assert prior offsets or payments as an affirmative defense. *See Southwestern Fire & Casualty Co. v. Larue*, 367 S.W.2d 162, 163 (Tex.1963); Tex.R.Civ.P. 93.

■ Lastly, we reject appellants' contention that a fact issue was raised about whether the insurance company was liable on the note. Appellants did not plead and verify by affidavit that there was any defect of parties, nor did they deny execution of the note. Tex.R.Civ.P. 93(4). In an action by a holder of a promissory note against the maker, where execution of the note has not been properly denied, the in-

1. Appellants did not object in the trial court that Plosa's conclusory statements were inadmissible.

troduction of the note in evidence makes a prima facie case for the holder. *Clark v. Dedina,* 658 S.W.2d 293, 296 (Tex.App.—Houston [1st Dist.] 1983, dism'd w.o.j.); *Hagar v. Texas Distrib., Inc.,* 560 S.W.2d 773, 775 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). Appellants' only summary judgment evidence went to the issue of whether the vessel was totally destroyed. The note provided, however, that appellants remained liable if the boat were damaged or destroyed.

Appellants' point of error is overruled.

The judgment is affirmed.

EVANS, Chief Justice, dissenting.

I disagree with the majority holding because in my opinion, the waiver provision in the note does not, as a matter of law, constitute a waiver of the maker's right to notice of the holder's intent to accelerate maturity.

When a promissory note provides an optional right to accelerate in the event of default, three types of notice must ordinarily be given. First, the holder must make presentment and demand for payment. *Ogden v. Gibralter Sav. Ass'n,* 640 S.W.2d 232 (Tex.1982); *Allen Sales & Servicecenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975). Second, the holder must give notice of intent to accelerate maturity. *Ogden,* 640 S.W.2d at 233–34. Third, the holder must give notice that the note has actually been accelerated. *Id.* at 234.

All three prerequisites to the exercise of an optional acceleration clause must be performed unless expressly waived. *Ogden,* 640 S.W.2d at 233–34; *Baldazo v. Villa Oldsmobile, Inc.,* 695 S.W.2d 815 (Tex.App.—Amarillo 1985, no writ).

The exercise of the power of acceleration provided for in a promissory note is a harsh remedy that deserves close scrutiny. *Dhanani Inv., Inc. v. Second Master Bilt Homes, Inc.,* 650 S.W.2d 220, 223 (Tex.App.—Fort Worth 1983, no writ). Thus, the Texas Supreme Court has consistently held that acceleration clauses must be clear and unequivocal. *See Ramo, Inc. v. English,* 500 S.W.2d 461, 466 (Tex.1973); *Motor &*

*Indus. Fin. Corp. v. Hughes,* 157 Tex. 276, 289, 302 S.W.2d 386, 394 (1957).

The majority opinion refers to four cases holding that waiver provisions, somewhat similar to the one here, constituted an effective waiver of notice of the holder's intent to accelerate maturity. In my opinion, each of those cases is distinguishable from the circumstances in this case.

In *Real Estate Exchange Inc. v. Bacci,* 676 S.W.2d 440, 441 (Tex.App.—Houston [1st Dist.] 1984, no writ), the note provided that in the event of a default in payment, the holder had the optional right "without demand or notice" to accelerate maturity. *Id.* This Court held that the maker had expressly waived the right to receive notice of the holder's intent to accelerate. The waiver provision in *Real Estate Exchange Inc.* is different from the note provision involved here. In that case, the waiver provision was clearly referrable to the holder's obligation to give notice of his intent to accelerate. Such express terms are not contained in the instant note.

*Slivka v. Swiss Avenue Bank,* 653 S.W.2d 939 (Tex.App.—Dallas 1983, no writ), was an appeal from a judgment after a full trial on the merits. The court simply held that the provisions of a note, which authorized optional acceleration of maturity "without demand, presentment, and notice," constituted "some" evidence that the maker waived notice of intent to accelerate. *Id.* at 941. The waiver provision in *Slivka,* as the provision in *Real Estate Exchange,* was clearly referrable to the holder's obligation to give notice of intent to accelerate.

*Valley v. Patterson,* 614 S.W.2d 867, 871–72 (Tex.Civ.App.—Corpus Christi 1981, no writ), was an appeal from the trial court's denial of an application for a temporary injunction to restrain a trustee's sale. One claim asserted by the applicants was that the holder of the note had not properly accelerated maturity. The court in *Valley* held the waiver was effective because the maker had *expressly* waived "presentment for payment, demand for payment, or *notice of intention to accelerate* the maturity of the note...." *Id.* at 872 (emphasis added). Again the waiver provision in that

case was clearly referrable to the holder's obligation to give notice of intent to accelerate.

The fourth case cited by the majority opinion is *Phillips v. Whiteside*, 426 S.W. 2d 350, 351–52 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). In that case, the plaintiff sought to recover title to real estate, which the defendant had acquired under a deed of trust foreclosure sale. Among other assertions, the plaintiff claimed that the foreclosure sale was void because there was no evidence that the holder of the note had given notice of intent to accelerate maturity. In rejecting that contention, the court noted that the holder had the right to accelerate maturity "without demand or notice" to the maker, and held that such provision, coupled with the provision in the trust instrument creating a presumption of regularity, alleviated the need for evidence that the holder had given the maker notice of his intent to accelerate maturity. *Id.*

Here, the note provision does not clearly reflect whether the words "without prior notice" refer to "prior notice" of a default, or whether such words refer to "prior notice" of the holder's intent to accelerate. Although it might be argued that the parties intended this waiver provision to be a waiver of the holder's obligation to give notice of intent to accelerate, the language of the instrument does not require such an interpretation. An equally reasonable interpretation is that the maker intended to waive "prior" notice of the default or make "prior" demand for payment. Thus, in my opinion, the waiver provision does not "clearly and unequivocally" show that the

maker waived his very valuable right to receive notice of the holder's intent to accelerate maturity.

A note containing a waiver provision quite similar to that involved here was before the court in *Bodiford v. Parker*, 651 S.W.2d 338 (Tex.App.—Fort Worth 1983, no writ). There, the note stated, as here, that in the event of the maker's default, the holder had an optional right to accelerate maturity "without demand or notice of any character...." *Id.* at 339. The *Bodiford* court held that while the note provision gave the holder the optional right to accelerate "without demand or notice," the provision did not constitute an *express* waiver of the maker's right to have notice of the holder's intent to accelerate. *Id.*

The requirement that the holder give the maker notice of the holder's intent to accelerate is extremely valuable because it assures the maker of an opportunity to cure the default before the holder exercises the harsh remedy of acceleration. *See Ogden*, 640 S.W.2d at 234; *Bodiford*, 651 S.W.2d at 339. This right is especially important to the maker when the default provision in the note allows optional acceleration of maturity for differing kinds of defaults.

In this case, the default provision sets forth 12 different ways in which a default may occur, any one of which may constitute a ground for accelerating maturity.[1] Some of these "defaults" (for example, an insignificant decrease in value of the collateral), might never be known to the maker in the absence of some notice. The giving of notice of intent to accelerate provides the maker with a "meaningful opportunity

---

1. The note provides the maker will be in default if:

(1) I don't make any payment when due; or (2) break any promise made in this Note or in any related preferred ship mortgage or other security agreement effective now or in the future; or (3) I have made any false or misleading statement in your credit application; or (4) I become unemployed or insolvent; or (5) I do not keep the Vessel insured as required by any preferred ship mortgage or other security agreement; or (6) I die; or (7) I file for bankruptcy or similar relief from paying my debts or creditors file for bankruptcy against me or someone other than you puts a

lien on the Vessel; or (8) someone other than you puts a lien on my income or enough of my other property to interfere with my ability to make my payments under the Note; or (9) the value of the Vessel decreases other than through normal wear and tear; or (10) I interfere with the federal documentation of, and preferred ship mortgage on the Vessel; or (11) I am a corporation and my shares are transferred to someone who was not a guarantor of this Note when it was signed; or (12) anything else happens that you in good faith and with reasonable cause believe may impair my ability to pay or otherwise perform under this Note.

to cure defaults before acceleration is declared." Krahmer, *Commercial Transactions,* 40 S.W.L.J. 187, 189 n. 21 (1986); *see also Bodiford,* 651 S.W.2d at 339; *Allen Sales & Servicecenter, Inc.,* 525 S.W.2d at 863; *Faulk v. Futch,* 147 Tex. 253, 214 S.W.2d 614 (1948).

Because the note in question does not contain clear and unequivocal language, showing that the makers *expressly* intended to waive their valuable right to notice of the holder's intent to accelerate, I would hold that the appellee failed to establish, as a matter of law, the waiver of that right.

I would also hold that the testimony of appellee's agent, Mr. Plosa, that appellee had accelerated the note "in accordance with its rights," simply stated a legal conclusion and did not meet appellee's burden of conclusively proving a proper notice of the intent to accelerate maturity.

I would overrule the appellee's motion for rehearing, reverse the trial court's judgment, and remand the cause for trial.