**Peter SCHLAGER, Appellant,**

**v.**

**John T. HARRIS, Appellee.**

**No. 13–90–033–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1991.

Kelly K. McKinnis, McAllen, for appellant.

Thomas O. Matlock, Jr., McAllen, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

This is a suit on a promissory note. Peter Schlager sued John Harris to collect on a note executed by Harris, payable to Schlager. Trial was to the court, and at the conclusion of Schlager's case, the court granted judgment for Harris. We reverse and remand for a new trial.

Schlager alleged in his pleadings that he was the owner and holder of a promissory note that Harris had executed in the amount of $18,000.00 plus interest, that the note was due on February 28, 1987, that

Harris had not paid the note, and that Schlager had made presentment and demand on Harris to pay the note. Harris filed a general denial, which was verified, and also specifically alleged the affirmative defense of failure of consideration. At trial, Schlager called Harris as his only witness; Harris admitted to signing the note in question. Schlager then introduced the note into evidence and rested his case. At that point, Harris moved for a directed verdict; the court granted his motion.

By his first point of error, Schlager alleges that the court erred in granting the directed verdict. Harris, though he appeared at oral argument, has not favored this Court with a brief.

In reviewing the propriety of a directed verdict in a non-jury trial, a trial court is presumed to have ruled on the sufficiency of the evidence; on appeal, the legal and factual sufficiency of the evidence to support the judgment may be challenged as in any other non-jury case. *Qantel Business Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 305 (Tex.1988); *Chase Commercial Corp. v. Datapoint Corp.*, 774 S.W.2d 359, 362 (Tex.App.—Dallas 1989, no writ). Tex.R.Civ.P. 93(7) requires that a party who denies the execution of any instrument in writing on which a pleading is founded must do so by a sworn denial. In the absence of such a verified plea, the instrument shall be received into evidence as fully proved. *Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex.App.—Corpus Christi 1989, writ denied). In an action by a holder of a promissory note against the maker, when execution of the note has not been properly denied, the introduction of the note in evidence makes a prima facie case for the holder. *Shumway v. Horizon Creditcorp*, 768 S.W.2d 387, 388–389 (Tex.App.—Houston [1st Dist.] 1989, no writ). Possession of the note at time of suit when no marks or endorsements on the note show payment is prima facie proof that the note is unpaid. *Twin City Bowling Lanes, Inc. v. C.I.T. Corp.*, 376 S.W.2d 94 (Tex.Civ.App.—Fort Worth 1964, no writ). Additionally, payment is an affirmative defense on which the defendant

has the burden of proof, and may not be shown under a general denial. Tex.R. Civ.P. 94; *Southwestern Fire and Cas. Co. v. Larue*, 367 S.W.2d 162, 163 (Tex.1963).

In the instant case, appellee admitted that he signed the note in question and the document was introduced into evidence. Appellee did not allege an affirmative defense which would defeat his liability on the note. He did allege failure of consideration, a defense on which he had the burden of proof, but he did not put on evidence of it. Since appellant made a prima facie case of his entitlement to recover on the note, and no evidence to the contrary was presented, it was error for the trial court to grant judgment in favor of appellee. Appellant's first point of error is sustained.

Accordingly, we reverse and remand this cause for a new trial. Because of our disposition of this point, it is unnecessary to discuss appellant's remaining points of error. *See* Tex.R.App.P. 90(a).