SCHROEDER 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-590-CV





M. J. SCHROEDER a/k/a MIKE J. SCHROEDER,



 APPELLANT


vs.





VEREX ASSURANCE, INC.,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 212,805, HONORABLE STEVE RUSSELL, JUDGE PRESIDING



 





 Verex Assurance, Inc., appellee, sued M. J. Schroeder, appellant, on a promissory
note made by Schroeder and held by Verex. The trial court granted summary judgment for
Verex. Schroeder appeals, contending that a genuine issue of material fact remains regarding the
amount of his debt. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 The following facts were established by the summary-judgment evidence. In March
1983 Schroeder signed a promissory note payable to McLean Financial Corporation in the amount
of $74,900 and granted McLean Financial a security interest in certain real property. McLean
Financial assigned the note to McLean Savings and Loan Association, which in turn assigned it
to the Federal National Mortgage Association ("FNMA"). Schroeder subsequently defaulted on
the note, and in 1988 FNMA foreclosed on its security interest and sold the collateral. The
proceeds from the foreclosure sale were insufficient to cover the outstanding balance on the note,
thus leaving a deficiency balance. In February 1992 FNMA assigned the note to Verex.

 In May 1992 Verex sued Schroeder on the note deficiency and thereafter filed a
motion for summary judgment. The evidence supporting Verex's motion consisted primarily of
an affidavit in which Linda T. Smithers, an officer of Verex, swore to the outstanding balance on
the note. Schroeder objected to this affidavit and moved to strike it on the ground that the
affiant's statements regarding the balance due were based on inadmissible hearsay and constituted
mere conclusions. The trial court granted Verex's motion for summary judgment. The appellate
record does not indicate that the trial court ever ruled on Schroeder's objection and motion to
strike.



DISCUSSION


 The standards for reviewing a summary judgment are well established: (1) The
movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) In deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; (3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). The issue here is whether Verex produced sufficient evidence
to preclude any genuine issue of material fact regarding the amount of Schroeder's debt.

 In point of error one, Schroeder complains that the summary judgment was
improper because Smithers's affidavit is based on inadmissible hearsay. In point of error two,
he complains that the affidavit is conclusory. In his third and last point of error, he complains
that the affidavit does not show Smithers to be competent to testify to the facts set forth therein. 
Thus, Schroeder's appeal challenges only the competency of Smithers's affidavit.

 The summary judgment evidence of the outstanding balance on the note consists
entirely of Smithers's affidavit, which states in pertinent part:


My name is Linda T. Smithers. I am Assistant Vice President of VEREX
ASSURANCE, INC., Plaintiff in the above-entitled and numbered lawsuit. I am
of sound mind and capable of making this Affidavit. I am responsible for
supervising, monitoring and overseeing Verex's deficiency collections in Texas,
and, in connection therewith, I am familiar with the various foreclosure documents
which comprise the files Verex maintains for each borrower. As such, I am
personally acquainted with the facts herein stated. . . . As of the date of
foreclosure, the unpaid principal balance was $76,145.69. Through the date of
foreclosure, the accrued but unpaid interest, together with the costs and expenses
of the sale, was in the aggregate amount of $4,074.82. Therefore, the total amount
of principal and accrued but unpaid interest and sale expenses which were due and
owing through the date of foreclosure was $80,220.51. The property sold for a bid
price of $63,803.95 at the foreclosure sale, leaving a total deficiency amount of
$16,416.56.


In response to Verex's motion, Schroeder submitted an unsworn "controverting motion for
summary judgment and motion to strike," which stated in pertinent part:


 The affidavit of Linda T. Smithers, an Assistant Vice President of Verex
Assurance, Inc. has to be based on hearsay as to the amount of the expenses of
foreclosure and as to the amount owed on the note at the time of foreclosure in that
she could have no independent knowledge of such fact since the note was assigned
to VEREX ASSURANCE, INC. on January 28, 1993 which, based upon the
records, shows that there is a note in the original principal sum of $74,900.00
executed in 1983 which was foreclosed on June 28, 1988. There is no information
as to how far behind the note was, no information as to the principal and interest
that was charged or owed, and no information as to the status of the note at the
time of the foreclosure. The information furnished shows that the property was
foreclosed upon for a price of $63,803.95 but to come up with a deficiency
judgment, there needs to be an affidavit by a person with knowledge that can swear
as to the amount that was due and owing at the time of the foreclosure. . . .

 As all of the facts contained in the Affidavit of Linda T. Smithers are
hearsay, Defendant states that said Affidavit should be stricken.


We consider this "motion" to raise objections that the statements in Smithers's affidavit regarding
the balance due were inadmissible, both as hearsay and as conclusions. An affidavit supporting
a motion for summary judgment must set forth facts that would be admissible in evidence. Tex.
R. Civ. P. 166a(f). Whether the pleading is considered as a motion or simply as an objection to
Verex's summary-judgment evidence, however, there is no indication in the record that the trial
court ever ruled on it.

 It is now well settled that a party objecting to summary-judgment evidence must,
in order to preserve his complaint for appellate review, obtain a ruling on his objection, and the
ruling must be reduced to writing, signed, and entered of record. See Tex. R. App. P. 52(a);
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex. 1993); Roberts v.
Friendswood Dev. Co., No. 01-93-492-CV, slip op. at 3 (Tex. App.Houston [1st Dist.] Aug.
31, 1994, writ requested); Banowsky v. State Farm Mut. Auto. Ins. Co., 876 S.W.2d 509, 513
(Tex. App.Amarillo 1994, no writ); Fox Elec. Co. v. Tone Guard Sec., Inc., 861 S.W.2d 79,
81 (Tex. App.Fort Worth 1993, no writ); Eads v. American Bank, N.A., 843 S.W.2d 208, 211
(Tex. App.Waco 1992, no writ); Thompson v. Chrysler First Business Credit Corp., 840 S.W.2d
25, 29 (Tex. App.Dallas 1992, no writ); Hopkins v. Highlands Ins. Co., 838 S.W.2d 819, 822
(Tex. App.El Paso 1992, no writ); Sem v. State, 821 S.W.2d 411, 414 (Tex. App.Fort Worth
1991, no writ); Utilities Pipeline Co. v. American Petrofina Mktg., 760 S.W.2d 719, 722-23
(Tex. App.Dallas 1988, no writ). Schroeder failed to secure a ruling on his objections to
Smithers's affidavit. Accordingly, we conclude that Schroeder waived his complaints about the
affidavit.

 In any event, even if Schroeder had preserved his complaints, we would conclude
that Smithers's affidavit is competent summary-judgment evidence and is adequate to support the
summary judgment in the absence of controverting evidence from Schroeder. See Thompson v.
Chrysler First Business Credit Corp., 840 S.W.2d at 28-29; Waite v. BancTexas--Houston, N.A.,
792 S.W.2d 538, 540 (Tex. App.Houston [1st Dist.] 1990, no writ); American 10-Minute Oil
Change, Inc. v. Metropolitan Nat'l Bank--Farmers Branch, 783 S.W.2d 598, 601 (Tex.
App.Dallas 1989, no writ); Shumway v. Horizon Creditcorp, 768 S.W.2d 387, 388 (Tex.
App.Houston [1st Dist.] 1989), rev'd on other grounds, 801 S.W.2d 890 (Tex. 1991); 8920
Corp. v. Alief Alamo Bank, 722 S.W.2d 718, 719-20 (Tex. App.Houston [14th Dist.] 1986, writ
ref'd n.r.e.); Sparks v. Cameron Employees Credit Union, 678 S.W.2d 600, 602-03 (Tex.
App.Houston [14th Dist.] 1984, no writ); Jackson T. Fulgham Co. v. Stewart Title Guar. Co.,
649 S.W.2d 128, 130 (Tex. App.Dallas 1983, writ ref'd n.r.e.); Ecurie Cerveza Racing Team,
Inc. v. Texas Commerce Bank--Southeast, 633 S.W.2d 574, 575 (Tex. App.Houston [14th Dist.]
1982, no writ); Sharpe v. Lomas & Nettleton Fin. Corp., 601 S.W.2d 55, 57 (Tex. Civ.
App.Dallas 1980, writ ref'd n.r.e.).




CONCLUSION


 We overrule Schroeder's points of error and affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 7, 1994

Do Not Publish