**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

**Marion F. BROWN, Appellee.**

No. 1726.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 12, 1981.

Rehearing Denied March 5, 1981.

Rick Rogers, Porter, Gonzalez & Rogers, Corpus Christi, Randall A. Hopkins, Baker & Botts, Houston, for appellant.

C. M. Henkel, III, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This case involves alleged violations of the Texas Consumer Credit Code, Tex.Rev. Civ.Stat.Ann., art. 5069–2.01 et seq.

On June 11, 1976, Marion Brown purchased a new 1975 Ford Granada from Tradewinds Ford Sales, Inc. by financing through a retail installment contract. The contract was subsequently assigned to Ford Motor Credit Company. On July 11, 1979, Brown filed suit against Ford Motor Credit Company, charging violations of the Texas Consumer Credit Code and the Federal Consumer Protection Act. The trial court granted Brown a partial summary judgment on the basis of one violation of the Texas Consumer Credit Code. The trial court did not find any violation of the Federal Consumer Protection Act.[1] After a trial on the issue of attorneys fees, a final judgment was entered granting Brown a recovery against Ford Motor Credit Company in the amount of $2,000.00 plus attorneys fees. Ford Credit appeals.

The transaction in the present case was entered into on June 11, 1976,

prior to the effective date of the 1977 amendments to Chapter 8 of the Credit Code.[2] The original version of sec. 8.01, as enacted in 1967, should have been used in determining the penalty to be imposed under the Credit Code. The finance charge or time price differential in the present case was $1,180.18, as set out in the "Retail Installment Contract." As a penalty under sec. 8.01, twice the time price differential, or $2,360.36, should have been the correct measure of damages. The trial court incorrectly awarded $2,000.00, presumably applying the maximum penalties set out in the 1977 amendments to Chapter 8. Although appellant should have been ordered to pay an additional $360.36, representing the difference between the trial court award of $2,000.00, and the true amount of penalties, $2,360.36 (twice the time price differential), no error was presented to this Court in this regard. We cannot reform the judgment to correctly assess penalties without being presented with a point of error or a cross-point of error.

Appellant raises three points of error, all of which challenge the judgment of the trial court that a violation of article 5069–7.07(4) has occurred. Paragraph 19, on the reverse side of the contract, contains language which allegedly violates this provision:

"... Any personalty in or attached to the Property when repossessed may be held by Seller without liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller with 24 hours after repossession ...."

This provision was held to violate article 5069–7.07(4) by this Court in an opinion issued today in *Ford Motor Credit Company v. McDaniel*, 613 S.W.2d 513 (Tex.Civ. App.). We affirm the judgment of the trial

1. See, *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

2. Chapter 8 of the Credit Code entitled "Penalties," was amended by the 65th Legislature in 1977. The enacting legislation provided that the amendments would apply to all transactions entered into prior to August 31, 1977, as long as an action under the Credit Code was

not pending on that date. An exception was made for the penalty provision of Article 5069–8.01(b), which was to apply only to "transactions entered into after June 30, 1976, which have not been corrected as provided in Article 8.01(c)." This amended statute placed maximum limits on the amount of penalties fixed by a court.

court which found a violation of article 5069-7.07(4).

By way of cross-points, appellee alleges that the trial court failed to find other violations of the Credit Code. As we noted in the *McDaniel* opinion, only one violation of the Credit Code is needed to trigger the penalty under Chapter 8. In light of our affirmance of the trial court's judgment finding a violation of sec. 7.07(4), we need not consider those cross-points of appellee which raise other violations.

Appellee also asserts by way of cross-point error committed by the trial court in its failure to find a violation of sec. 7.03, which sets out the maximum time-price differential permitted under the Code. In the *McDaniel* opinion, we also examined this provision and the acceleration clause which allegedly required the payment of unearned interest in violation of the maximum time-price differential. We held in that opinion that the contract did not require the payment of unearned interest. Therefore, no violation of sec. 7.03 has occurred and the appellee is not entitled to the penalty set out in sec. 8.02.

The judgment of the trial court is affirmed.