**ALLRIGHT, INC., Petitioner,**

v.

**Carolyn PEARSON, Respondent.**

No. C–5470.

Supreme Court of Texas.

May 13, 1987.

Rehearing Denied Sept. 23, 1987.

George Bishop, Houston, for petitioner.

Randy Schaffer, Houston, for respondent.

PER CURIAM.

Carolyn Pearson sued Allright, Inc., the operator of the Rice Rittenhouse parking garage for negligence. The trial court rendered judgment in favor of Pearson based on the jury's verdict. The court of appeals affirmed the trial court's judgment and upon Pearson's motion, reformed the judgment to include prejudgment interest relying on *Cavnar v. Quality Control Parking,* 696 S.W.2d 549 (Tex.1985). 711 S.W.2d 686 (Tex.App.—Houston [1st Dist.] 1986). We grant Allright's application for writ of error and without hearing oral arguments, reverse the court of appeals' award of prejudgment interest. Tex.R. App.P. 133(b). We affirm the judgment of the court of appeals in all other respects.

The prejudgment interest rule in *Cavnar* is applicable to all future cases as well as those still in the judicial process. However, this court did not modify the procedural rules nor did we dispense with the requirement of preserving errors. Pearson did not complain to the trial court of its failure to award prejudgment interest nor did she assign a point of error or crosspoint in the court of appeals on this issue. Pearson waived any claim for prejudgment interest by failing to preserve her point of error on appeal. *See Washington v. Walker County,* 708 S.W.2d 493, 497 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r. e.).

A point of error not preserved, is not before the appellate court for review. Tex. R.App.P. 52(c). It is error for a court of appeals to consider unassigned points of error. *American General Fire & Casualty Co. v. Weinberg,* 639 S.W.2d 688 (Tex. 1982). *See also Ford Motor Credit Co. v. Brown,* 613 S.W.2d 521, 522 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd. n.r.e.) Therefore, the court of appeals' action of reforming the judgment to include prejudgment interest without a point of error or crosspoint was erroneous. Accordingly, a majority of the court reverses that part of the court of appeals' judgment awarding prejudgment interest and otherwise af-

firms the judgment of the court of appeals in all respects.