TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-96-00390-CV







In the Matter of T. K. W.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-13,660, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 Appellant T. K. W., a juvenile, appeals the juvenile court's modification of disposition
revoking his probation and committing him to the Texas Youth Commission. See Tex. Fam. Code Ann.
§ 54.05 (West 1996). In his sole point of error, appellant contends that the trial court erred by failing to
admonish him regarding the possible admissibility of a juvenile adjudication record in a future criminal
proceeding as provided by Texas Family Code section 54.03(b)(2). See Tex. Fam. Code Ann. §
54.03(b)(2) (West 1996). We will affirm the trial court's judgment. 



BACKGROUND


 The trial court adjudicated appellant to have engaged in delinquent conduct and placed him
on probation. See id. at § 54.03. On January 31, 1996, (1) the trial court heard the State's motion to modify
appellant's disposition based on his violating two of his probation conditions previously ordered by the court
on April 19, 1995. (2) See id. at § 54.05(f). At the modification hearing, in the presence of his mother and
attorney, appellant pleaded true to both violations. 

 Before commencing the modification hearing, the court admonished appellant of the
pending allegations against him, the nature and consequences of the proceedings, his right to remain silent,
his right to confrontation, and his right to counsel. The court, however, did not inform appellant of the
possibility that evidence of a delinquency adjudication might be admissible in evidence in the event a juvenile
was later sentenced in a criminal proceeding. After finding appellant violated his probation, the trial court
modified the disposition and ordered him committed to the Texas Youth Commission. See id.



DISCUSSION


 Appellant's sole complaint is that the trial court violated section 54.03(b)(2) of the Texas
Family Code by not informing him of the law relating to the possible admissibility of evidence of a juvenile
court adjudication record in any future criminal proceeding. See id. at 54.03(b)(2); Tex. Code Crim.
Proc. Ann. § 37.07(3)(a) (West Supp. 1997). (3) Appellant, however, did not object to the trial court's
failure to give all of the section 54.03(b) warnings, and that complaint was not a basis for his motion for new
trial. A party must present the trial court with a "timely request, objection or motion, stating the specific
grounds for the ruling [the party] desire[s] the court to make to preserve error for appeal." Tex. R. App.
P. 52(a). Generally, an appellant who fails to preserve error before the trial court cannot assert that error
on appeal. Allbright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987); see also Rogers v. State, 640
S.W.2d 248, 264 (Tex. Crim. App. 1982) ("It is a general rule that appellate courts will not consider any
error which counsel for accused could have called, but did not call, to the attention of the trial court at the
time when such error could have been avoided or corrected by the trial court."). 

 Appellant failed to make a timely request, objection, or motion to the trial court regarding
the admonishment; therefore, this Court cannot consider his point of error unless the trial court committed
fundamental error. Courts will find fundamental error "only in those rare instances in which the record
shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely
affected as that interest is declared in the statutes and constitution of this state." Cox v. Johnson, 638
S.W.2d 867, 868 (Tex. 1982). Even if the trial court was required to give the section 54.03 admonitions
at appellant's modification hearing, the trial court's failure to do so was not fundamental error. See In re
R.L.H., 771 S.W.2d 697, 702 (Tex. App.--Austin 1989, no writ) (holding that failure to give the section
54.03 admonishments is not fundamental error). In any event, the relevant statute, section 37.07(a) of the
Texas Code of Criminal Procedure, provides that evidence of the juvenile record is admissible if based
upon a penal violation of a felony or jailable misdemeanor. See Tex. Code Crim. Proc. Ann.
§ 37.07(3)(a). Here, the basis for modification is that appellant violated terms of the court's order of
probation. He has not been adjudicated to have committed any new penal offense. Therefore, failure to
admonish could not harm appellant. We overrule appellant's point of error.



CONCLUSION


 Having overruled appellant's point of error, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   The disposition modification hearing was convened and recessed over three days: January
31, February 28, and March 13, 1996.
2.   The order was signed April 24, 1995.
3.   For purposes of this opinion, we will assume without deciding that the admonishments are
appropriate; our opinion should not be interpreted as approving appellant's assertion that the trial
court was required to follow section 54.03. See Murphy v. State, 860 S.W.2d 639, 643 (Tex.
App.--Fort Worth 1993, no writ) (stating that a modification hearing is not a new adjudication under
section 54.03); In re J.K.A., 855 S.W.2d 58, 62 (Tex. App.--Houston 1993, writ denied) (holding that
the modification statute does not require a trial court to conduct a section 54.03 adjudication hearing to
modify a disposition for violation of a condition of delinquency probation).


P>
DISCUSSION


 Appellant's sole complaint is that the trial court violated section 54.03(b)(2) of the Texas
Family Code by not informing him of the law relating to the possible admissibility of evidence of a juvenile
court adjudication record in any future criminal proceeding. See id. at 54.03(b)(2); Tex. Code Crim.
Proc. Ann. § 37.07(3)(a) (West Supp. 1997). (3) Appellant, however, did not object to the trial court's
failure to give all of the section 54.03(b) warnings, and that complaint was not a basis for his motion for new
trial. A party must present the trial court with a "timely request, objection or motion, stating the specific
grounds for the ruling [the party] desire[s] the court to make to preserve error for appeal." Tex. R. App.
P. 52(a). Generally, an appellant who fails to preserve error before the trial court cannot assert that error
on appeal. Allbright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987); see also Rogers v. State, 640
S.W.2d 248, 264 (Tex. Crim. App. 1982) ("It is a general rule that appellate courts will not consider any
error which counsel for accused could have called, but did not call, to the attention of the trial court at the
time when