In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00077-CV


______________________________




DAVID MCDANIEL, Appellant



V.



DON HOUTZ, Appellee




 


On Appeal from the Fifth Judicial District Court


Cass County, Texas


Trial Court No. 04-C-596




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 A construction vehicle bearing a sign reading "NE TEX Construction, Ltd." sprayed
Don Houtz' pickup truck with gravel, causing damage of approximately $1,500.00. In a
letter on "NE TEX Construction, Ltd." letterhead signed by "David McDaniel, Owner,"
McDaniel denied Houtz' claim. Houtz sued McDaniel, individually, in small claims court and
prevailed. McDaniel appealed to the Fifth Judicial District Court, where, at a brief bench
trial, the only contested issue was whether McDaniel--who indisputably neither drove nor
owned the truck that had caused the damage--was individually liable. McDaniel testified
that he is a shareholder in a corporation named "NE TEX." McDaniel introduced no
corporate articles or other documentation. Neither did McDaniel testify or introduce
documentary evidence that the "NE TEX" corporation is the same entity as "NE TEX
Construction, Ltd." (1) Houtz introduced the letter in which McDaniel held himself out as the
"owner" of "NE TEX Construction, Ltd." The trial court found that the preponderance of the
evidence, including the "admission" of ownership, established that the company was not
a corporation and that McDaniel was liable under a doctrine of respondeat superior. The
court entered judgment against McDaniel, individually, for $1,524.66 plus costs and
interest. 

 McDaniel does not appeal the court's finding that there was no corporation. Instead,
McDaniel's one issue on appeal is that Houtz failed to adequately "pierce the corporate
veil." In so presenting his one issue, McDaniel presumes--without argument or
authority--that (1) the finding of no corporation was incorrect; (2) the corporate form here
is a limited partnership; and (3) "piercing the corporate veil" applies to limited partnerships. 
 It is axiomatic that one must only pierce the corporate veil of a corporate form. Cf.
Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n, 77 S.W.3d 487, 499-500
(Tex. App.--Texarkana 2002, pet. denied). The trial court explicitly found that there was
no corporate form behind which McDaniel could hide, and this is not appealed. For an
issue to be properly before this Court, the issue must be supported by argument and
authorities and must contain appropriate citations to the record. See Tex. R. App. P.
38.1(h). Accordingly, McDaniel has waived his right to complain that there is a corporate
form. See Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998); Vawter v. Garvey,
786 S.W.2d 263 (Tex. 1990); Allright, Inc. v. Pearson, 735 S.W.2d 240 (Tex. 1987);
Bowles v. Reed, 913 S.W.2d 652, 661 (Tex. App.--Waco 1995, writ denied). Since
McDaniel presents this Court with nothing to review, his issue on appeal is overruled.



 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: September 5, 2006

Date Decided: December 14, 2006



1. McDaniel submitted, as attachments to his motion for new trial, articles of limited
partnership for "NE-TEX CONSTRUCTION, LTD." and the 2005-2006 registration renewal,
indicating ownership by "NE-TEX CONSTRUCTION LTD.," for the truck that had caused
the damage in 2004. The motion for new trial was overruled by operation of law. McDaniel
does not appeal this issue, thus not preserving the new evidence complaint. See Tex. R.
App. P. 33.1(b).


 UnhideWhenUsed="false" QFormat="true" Name="No Spacing"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00099-CR

                                                ______________________________

 

 

                                   CURTIS LEO WILLIAMS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0819905

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Curtis Leo Williams, proceeding pro
se, appeals his conviction for possession of a controlled substance, namely
marihuana, in an amount more than four ounces but less than five poundsa state
jail felony.  See Tex. Health & Safety
Code Ann. § 481.121(b)(3) (West 2010).  The State alleged two prior felony
convictions, which elevated the punishment range to a second degree
felony.  See Act of May 29, 1995, 74th Leg., R.S., ch.
318, § 1,
1995 Tex. Gen. Laws 2734, 2735 (amended 2011) (current version at Tex. Penal Code Ann. §
12.42 (West 2011)).  In a related case,
also decided today, Williams has appealed his conviction for possession of a
controlled substance, namely cocaine, in an amount of more than four grams, but
less than 200a second degree felony.  See Williams v. State, cause number
06-10-00099-CR.  Williams has filed a
single brief, in which he raises six issues common to both of his appeals.  

            We addressed these issues in detail
in our opinion of this date on Williams appeal in cause number
06-10-00098-CR.  For the reasons stated
therein, we likewise conclude that error has not been shown in this case.

            We
affirm the trial courts judgment.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          October 17, 2011

Date Decided:             November 3, 2011

 

Do Not Publish