In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00003-CV**
_____

**RAYMOND CRISWELL, Appellant**

**V.**

**KENNETH M. ALLISON AND LINDA C. ALLISON, Appellees**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV29835**

**MEMORANDUM OPINION**

The owners of neighboring tracts of property sued each other asking the trial court to determine who owns a strip of property that lies between their respective tracts. The owners of the tract that lies south of the disputed strip filed a motion for summary judgment, arguing their summary judgment evidence established that they acquired the strip by adverse possession. The trial court granted the motion and

1

awarded Kenneth and Linda Allison ownership of the strip. The owner of the tract north of the disputed strip, Raymond Criswell, appeals from the trial court's judgment. In five issues, Criswell argues the trial court erred by (1) failing to grant his request for a temporary injunction, (2) failing to grant his motion to compel discovery, (3) denying his motion seeking a declaratory judgment, (4) granting the Allisons' motion for summary judgment, and (5) awarding the Allisons title to the disputed strip between the north and south tracts. We affirm the trial court's judgment.

Background

In March 2016, Criswell sued the Allisons claiming they were interfering with his use of a strip of property he called Hester Road. In his petition, Criswell described Hester Road as a publicly-owned road that is located on the southern border of his nearly twenty-three-acre tract. Criswell asked the trial court to prohibit the Allisons from interfering with his right to use the road by issuing a temporary restraining order and a temporary injunction against the Allisons. Also, Criswell asked the trial court to award him damages and attorney's fees. The Allisons filed a general denial in response to Criswell's suit.

In March 2017, Criswell amended his petition. In his amended petition, Criswell dropped his claim alleging that Hester Road is a publicly-owned road.

Instead, he alleged that he owns the strip of property between the tracts which, over the years, had been used as a road.[1] In the amended petition, Criswell also dropped his claim for injunctive relief. Criswell's amended petition alleged that someone, who Criswell never identified, moved a fence from its previous location on the south side of Hester Road to a new location north of Hester Road. He further alleged that he never gave anyone permission to move the fence or to place it on his property. And he claimed that someone erected a gate, blocking him from Hester Road. Based on a survey that Criswell attached to his amended petition, Criswell asked the trial court to declare he is the sole owner of a nearly twenty-three-acre tract that includes that part of Hester Road that runs between his and the Allisons' tracts. Criswell's amended petition seeks declaratory relief, damages and attorney's fees.

In July 2017, Criswell filed a motion for declaratory judgment. In his motion, Criswell alleged the Allisons or their predecessor in title erected a gate on his property without obtaining his permission. Criswell asked the trial court to declare that he is the owner of Hester Road and to require the Allisons to remove the fence and gate on his property, which were preventing him from using Hester Road.

---

[1] The amended petition refers to the road as "Hester Lane," not Hester Road. Throughout the opinion, we will refer to the disputed strip as Hester Road.

3

In August 2017, the Allisons amended their answer and filed a counterclaim. In their counterclaim, the Allisons alleged they acquired the disputed strip that lies on the north side of their tract by adverse possession. Shortly thereafter, the trial court conducted a hearing on Criswell's request for declaratory judgment. During the hearing, the attorneys for the parties informed the court about the nature of their claims. In response, the trial court informed the attorneys the dispute appeared to concern issues involving title to the disputed strip, and that given the dispute over title, the case could not be decided by issuing a declaratory judgment addressing only the location of the fence. The court informed the attorneys that the court would require the parties to try the case as a trespass to try title action. Several months later, the trial court signed an order denying Criswell's motion for declaratory judgment.

In October 2017, the Allisons filed a combined traditional and no-evidence motion for summary judgment. In the no-evidence part of the motion, the Allisons alleged Criswell could produce no evidence supporting the elements of his claims. In the traditional section of their motion, the Allisons alleged the summary judgment evidence they attached to their motion proved they acquired the disputed strip based on the ten-year statute governing their claim for adverse possession.[2]

_____

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.026 (West 2002). The Allisons attached the following evidence to their motion for summary judgment: (1) Kenneth Allison's affidavit; (2) Ronnie Leggett's affidavit; (3) a certified copy of the deed

In November 2017, Criswell responded to the Allisons' motion for summary judgment. In his response, Criswell alleged that he owns the disputed strip. Criswell also alleged the Allisons and their predecessor in title had not used the road continuously for more than ten years before he sued.[3]

In December 2017, the trial court presided over a hearing on the Allisons' motion for summary judgment. In the hearing, the Allisons objected to Criswell's summary judgment evidence, arguing that Criswell could not rely on his pleadings as summary judgment proof. The trial court sustained the Allisons' objection, and the court struck Criswell's summary judgment evidence. Following the hearing, the trial court rendered judgment in favor of the Allisons and Criswell appealed.

---

Leggett and his wife used in 2008 when they conveyed their tract to the Allisons; (4) a certified copy of the warranty deed that Dorothy Hodges used in 1997 when she conveyed the tract, now owned by the Allisons, to Ronnie Leggett and his wife; and (5) a survey, with attached survey plat, prepared in 1997 by another surveyor, W.A. Cook.

[3] Criswell filed the following exhibits to his response: (1) Criswell's First Amended Petition, with the exhibits he attached to it when it was filed; (2) Raymond Criswell's affidavit, which states the disputed strip is located within his nearly twenty-three-acre tract; (3) a copy of a deposition obtained in discovery from Alan Cook, a surveyor, in which Cook explains the survey he performed at the Allisons' request identifies the boundaries of the Allisons' and Criswell's tracts; and (4) a copy of a 1997 survey plat of the tracts at issue, prepared by a surveyor named W.A. Cook.

In the appeal, the parties filed briefs supporting their arguments about whether the trial court's judgment should be affirmed. After reviewing the briefs, we abated the appeal so the trial court could amend its judgment to include a metes and bounds description of the property the Allisons acquired under the trial court's judgment.[4]

Temporary Injunction

In the first of Criswell's five issues, he complains about the trial court's ruling denying his request for a temporary injunction. Following the temporary injunction hearing, the court denied Criswell's request seeking injunctive relief. Thereafter, Criswell amended his pleadings and dropped his claim for injunctive relief.

The record before us does not show that the trial court ever issued a written order on Criswell's request for injunctive relief. On the other hand, the final judgment disposed of all of Criswell's claims. By denying Criswell's claim alleging he owns the strip of property that was at issue in the dispute, the trial court rendered moot any complaints Criswell raised on appeal regarding his claim seeking injunctive relief.[5] We overrule Criswell's first issue.

---

[4] No parties claim the metes and bounds description in the trial court's amended judgment fails to accurately describe the strip of property the trial court awarded the Allisons when it resolved the counterclaim they filed against Criswell.

[5] *See Isuani v. Manske-Sheffield Radiology Grp., P.A.*, 802 S.W.2d 235, 237 (Tex. 1991) (holding "the trial court's final judgment on the merits rendered [the appellant's] appeal from the temporary injunction moot").

6

Motion to Compel

In issue two, Criswell complains the trial court should have granted rather than denied his motion to compel. Criswell's motion to compel is in the appellate record. In it, Criswell complains the responses he received when the Allisons answered his request for production were "incomplete and insufficient."

In December 2016, the trial court presided over a hearing on Criswell's motion to compel. During the hearing, Criswell complained the Allisons produced photographs of a poor quality in response to his request. But he also advised the trial court that since producing the photographs, the Allisons had given him new photographs. Criswell then focused his argument on the Allisons' alleged failure to organize and label their responses to his request to correspond with the numbered items found in his request. In the hearing, Criswell also argued the Allisons had not given him any documents responsive to their counterclaim for adverse possession.

At the conclusion of the hearing, the trial court advised the Allisons they would be required to organize their production to correspond with the numbered categories in Criswell's request. Then, the trial court deferred any further rulings to allow the Allisons the opportunity to label and organize the documents they had already produced.

Less than three weeks later, Criswell moved for sanctions. In his motion, Criswell complained that the Allisons had still not organized or identified the documents responsive to his request. Additionally, he alleged the Allisons failed to produce any documents supporting their claim that Hester Road had been abandoned. While Criswell filed a motion for sanctions, the record does not show that he ever obtained a hearing or a ruling from the trial court on the claims in his motion that the Allisons had not produced documents responsive to the items in his requests.[6]

We conclude Criswell failed to preserve his complaint about whether the Allisons failed to produce documents to comply with his request to produce. While Criswell obtained a ruling on his request that the Allisons organize and label their

---

[6] The clerk's record shows the trial court scheduled a hearing on Criswell's motion for sanctions in February 2017. Yet the record on appeal contains no reporter's record from a hearing on his motion or a written order denying his motion. And the record does not clearly show the Allisons failed to provide Criswell documents responsive to their claim they acquired the disputed strip by adverse possession. For example, during the hearing on the Allisons' motion for summary judgment, Criswell claimed the Allisons had never given him a copy of the survey they attached to their motion for summary judgment. But the Allisons disagreed with Criswell's assertion. They advised the trial court they had produced the survey. In their brief, the Allisons argue that Criswell waived any discovery complaints about whether they fulfilled their discovery obligations to him because Criswell never objected to the evidence they attached to their motion for summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979); *see also* Tex. R. Civ. P. 166a(f).

8

production, he never got a ruling on his motion to compel them to produce more documents. Because Criswell failed to preserve the alleged error, we overrule his second issue.[7]

## Declaratory Judgment

In issue three, Criswell argues the trial court erred when it failed to grant his request for declaratory judgment. According to Criswell, the trial court failed to allow him to "respond to [the Allisons'] argument" during the hearing on his request for declaratory relief.

The record shows that during the hearing, the attorneys described the nature of the dispute. The trial court agreed with the Allisons that the dispute required the court to decide whether Criswell or the Allisons owns the disputed strip. Given the claims the parties presented through their pleadings, we agree with the trial court that the case could not be resolved as a simple boundary dispute over the location of the fence.[8]

---

[7] Tex. R. App. P. 33.1(a)(2).

[8] For instance, Criswell's motion for declaratory judgment does not assert a claim asking the trial court to award him an easement over Hester Road. Instead, Criswell's motion asked the trial court to declare that he is the owner of the disputed strip.

Under Texas law, competing claims for superior title in a dispute concerning who owns real property must be brought as trespass-to-try-title actions.[9] We note that both Criswell's motion and the Allisons' counterclaim asked the trial court to decide who owns the disputed strip. Given the nature of the parties' claims, we agree with the trial court's conclusion that the court was required to decide the action as a trespass-to-try-title claim and could not decide the dispute as a declaratory judgment claim.[10] Since the trial court correctly determined the underlying nature of the dispute, Criswell was not harmed when the trial court refused to allow him to argue his declaratory judgment claim.[11] We overrule Criswell's third issue.

## Summary Judgment on Criswell's Claims

In issue four, Criswell argues that the trial court's ruling granting the Allisons' motion for summary judgment "was manifest constitutional error and manifest error on the entire case." According to Criswell, the facts he alleged in his First Amended

---

[9] *See Lance v. Robinson*, 543 S.W.3d 723, 735, 737 (Tex. 2018); *see also* Tex. Prop. Code Ann. § 22.001(West 2014); Tex. R. Civ. P. 783-809.

[10] Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2015) (describing the matters that are subject to claim for declaratory relief).

[11] Tex. R. App. P. 44.1(a).

10

Petition raise issues of material fact, and he concludes the trial court should have conducted a trial on the merits of the parties' claims.

Criswell relies on his pleadings to argue that the trial court should have treated his pleadings as summary judgment proof. The trial court, however, correctly refused to treat Criswell's pleadings as summary judgment proof. [12] Simply put, pleadings are not competent as summary judgment proof.[13]

During the summary judgment hearing, the trial court also sustained the Allisons' objections to Criswell's summary judgment proof. On appeal, Criswell failed to raise an issue that complains about that ruling. Thus, even if the trial court erred by striking Criswell's summary judgment evidence, we could not address that alleged error in this appeal because Criswell never assigned it as error.[14] Because the arguments supporting Criswell's fourth issue lack merit, issue four is overruled.

---

[12] *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

[13] *Id.*

[14] "Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) (citing *In re B.L.D.*, 113 S.W.3d 340, 350-52 (Tex. 2003)); *see also Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex. 1987).

Adverse Possession

In his fifth issue, Criswell argues the trial court erred by granting the Allisons' motion for summary judgment on their claim of adverse possession. We review rulings on motions for summary judgment using a *de novo* standard.[15] In our review, we examine the same evidence the trial court considered when it ruled on the motion.[16]

The Rules of Civil Procedure that govern motions for summary judgment require the party moving for summary judgment to establish it has a right to prevail on its claim as a matter of law.[17] Facts in support of a claim are capable of being established as a matter of law if the evidence the party attaches to its motion shows that reasonable people could not differ about the conclusions to be reached from the evidence attached to the motion.[18] If the party moving for summary judgment meets its burden, the burden of proof then shifts to the party who is opposing the motion

---

[15] *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)).

[16] *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018).

[17] *See* Tex. R. Civ. P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[18] *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

and requires that party to demonstrate, with evidence, that an issue of material fact remains on at least one of the elements of the claim at issue in the motion.[19]

To prove a claim of adverse possession, the party moving for summary judgment must establish (1) it is in actual possession of the disputed property, (2) its possession of the property is open and notorious, (3) its possession is peaceable, (4) it possesses the property under a claim of right, (5) its possession is adverse and hostile to the opposing party who claims it is the true owner, and (6) that it and its predecessor in title together have consistently and continuously held the property in their possession for ten years for claims based on the ten-year statute governing adverse possession.[20]

Here, the Allisons provided the trial court with summary judgment proof on all the elements of their claim under the ten-year statute. To establish when their period of actual, open, peaceable, notorious, and hostile possession began, the Allisons relied on an affidavit from their predecessor in title, Ronnie Leggett. Leggett's affidavit shows that in 1997 or 1998, he moved a fence that was on the

---

[19] *See Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 900, 901 (Tex. 2017); *Clear Creek Basin Authority*, 589 S.W.2d at 678.

[20] *Glover v. Union Pac. R.R. Co.*, 187 S.W.3d 201, 213 (Tex. App.— Texarkana 2006, pet. denied); *see also Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990) (op. on reh'g); Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1), (3) (West 2002).

13

northern side of the tract he later sold to the Allisons, which encroached on the southern boundary of Criswell's tract. According to Leggett:

> Sometime within approximately one year after purchasing the property in 1997, I repaired and replaced the fence around the perimeter of my property. I did not move the fence 50 feet North onto the property of Raymond Criswell, I built back the fence where it previously stood when I purchased the property. The survey performed in 1997 indicates that this fence slightly encroached onto the property of Raymond Criswell.

> Due to the encroachment on the North Eastern corner of the property of buildings owned by Charles Hester, I installed fencing running north-south in back of those buildings. I installed a new gate at the location of what appeared to be a gateway to the abandoned path or roadway. This gate was installed to replace an existing gateway, and was only used for occasional access to my property.

> The existing fence which currently stands on the North boundary of the property was in place at the time I sold the property to Kenneth and Linda Allison in 2008.

To establish that their adverse possession of the disputed strip continued when they acquired Leggett's tract, the Allisons relied on Kenneth Allison's affidavit. Kenneth's affidavit shows after the Allisons acquired Leggett's tract in 2008, they continued to maintain the fence that Leggett erected on Criswell's tract. Allison's affidavit states:

> Sometime before I purchased the property in 2008, a fence was erected around the perimeter of my property. I did not construct this fence, nor did I at any time move the fence 50 feet North onto the property of Raymond Criswell. This fence has been maintained peacefully by me in order to exercise possession over all of the property

14

included within the fencing, which has been cultivated, used and enjoyed by me since my purchase of the property.

We conclude the summary judgment evidence established that the Allisons and their predecessor in title held the disputed strip in their peaceable possession since 1997 and held it adversely to Criswell's rights in the strip.[21] The summary judgment evidence also establishes that when the Allisons filed their counterclaim, they had a claim of right in the disputed strip. The summary judgment evidence further establishes that the Allisons (and their predecessor in title) had been holding the disputed strip adversely to Criswell for more than ten years before Criswell interrupted their peaceable possession of the strip by suing them in March 2016.[22]

In his brief, Criswell acknowledges that the trial court "sustained all of [the Allisons'] objections and denied all of [his] Exhibits" during the summary judgment

---

[21] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.023 (West 2002) (allowing a party relying on a claim of adverse possession to tack the period it held the property being claimed adversely to that party's predecessor in title if the predecessor also held the property at issue by adverse possession); *id*. § 16.026(a) (providing that individuals who own property with ten-year limitations period from "the day the cause of action accrues to [file suit to] recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property"); *id*. 16.030(a) (West 2002) (providing that "[i]f an action for the recovery of real property is barred under this chapter, the person who holds the property in peaceable and adverse possession has full title, precluding all claims").

[22] *See id*. § 16.026(a).

hearing. Yet, Criswell did not raise any issues in his brief complaining of the trial court's ruling striking his summary judgment evidence. "In reviewing whether a summary judgment was properly granted, we may not consider struck portions of the record because that evidence is not a part of the summary judgment record."[23] Given the trial court's ruling on the Allisons' objection to Criswell's summary judgment proof, we cannot rely on the documents Criswell attached to his response.[24]

We conclude the Allisons' summary judgment evidence shifted the burden of proof to Criswell to demonstrate that an issue of material fact existed on one or more elements of the Allisons' claim for adverse possession. Because Criswell failed to meet his burden of proof, we overrule Criswell's fifth issue.

## Conclusion

Having overruled Criswell's issues, we affirm the trial court's judgment.

AFFIRMED.

---

[23] *McCollum v. The Bank of N.Y. Mellon Trust Co.*, 481 S.W.3d 352, 362 (Tex. App.—El Paso 2015, no pet.); s*ee also Kuzmin v. Schiller*, No. 05-13-01394-CV, 2015 WL 150206, at *5 (Tex. App.—Dallas Jan. 8, 2015, no pet.) (mem. op.).

[24] *See Kuzmin,* 2015 WL 150206 at *5; *see also Tamez*, 206 S.W.3d at 577.

_____
HOLLIS HORTON
Justice

Submitted on December 5, 2018
Opinion Delivered August 22, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.