# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00409-CV

---

**Megatel Homes III, LLC, Appellant**

**v.**

**Woodhull Ventures 2015, L.P., Appellee**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 18-0635-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from an Amended Final Judgment rendered after our prior remand of this case. For the reasons stated below, we will modify the Amended Final Judgment to remove the part that awards pre-judgment interest to Woodhull Ventures 2015, L.P.; further modify the Amended Final Judgment to award post-judgment interest to Megatel Homes III, LLC; and affirm the Amended Final Judgment as modified.

### BACKGROUND

The dispute dates back to 2018 and arises from a contract between home builder Megatel and land developer Woodhull. Under the contract, Woodhull agreed to develop and sell, and Megatel agreed to buy, certain real estate for a master-planned community then in development. But Megatel refused to close, and the parties sued each other for breach of contract and various related claims.

Shortly after Megatel filed its petition, in June 2018, Woodhull filed a Rule 91a motion to dismiss Megatel's claims, which the district court denied. Woodhull then unsuccessfully challenged the district court's ruling by filing petitions for writs of mandamus in this Court and the Texas Supreme Court. *In re Woodhull Ventures 2015, L.P.*, No. 03-18-00503-CV, 2018 WL 4039588, at *1 (Tex. App.—Austin Aug. 24, 2018, orig. proceeding [mand. denied]) (mem. op.).

Ultimately, however, the district court rendered final judgment in favor of Woodhull (the Original Final Judgment). In its Original Final Judgment, the district court ordered that: (1) Megatel take nothing on its claims for breach of contract, breach of express warranty, statutory fraud, and declaratory judgment; (2) judgment be entered in favor of Woodhull and against Megatel on Woodhull's claim for breach of contract; (3) Woodhull recover as liquidated damages a $350,000 earnest-money deposit that had been placed into escrow by Megatel; (4) Woodhull recover its attorney's fees, costs, and expenses; and (5) all relief not expressly granted or referenced by the judgment be denied.

Although Woodhull had prayed for pre- and post-judgment interest, and the Original Final Judgment failed to award Woodhull any interest, Woodhull did not appeal this or any other part of the Original Final Judgment. But Megatel did file an appeal, arguing that the district court erred by (1) dismissing its claims and (2) failing to award Megatel the reasonable attorney's fees it had incurred in defending against Woodhull's Rule 91a motion to dismiss.

We resolved the issues presented in Megatel's first appeal in *Megatel Homes III, LLC v. Woodhull Ventures 2015, L.P.*, No. 03-21-00390-CV, 2023 WL 4373424 (Tex. App.—Austin July 7, 2023, no pet.) (mem. op.). There, we held that the district court did not err in dismissing Megatel's claims but that it did err in failing to award Megatel its reasonable

2

attorney's fees incurred in defending against Woodhull's 91a motion to dismiss. *Id.* at *10. We therefore reversed the part of the district court's Original Final Judgment denying Megatel an award of attorney's fees and remanded the case to the district court for a hearing on Megatel's fees. *Id.* We affirmed the remainder of the Original Final Judgment. *Id.*

On remand, the district court held the mandated hearing, where both sides requested some form of relief. Megatel requested that it be awarded $31,781.00 in attorney's fees, including fees incurred in defending against Woodhull's 91a motion **as well as** fees incurred in pursuit of its recovery of such fees—so-called "fees for fees." Woodhull requested that it be awarded pre- and post-judgment interest.

The district court then rendered an Amended Final Judgment. In it, the district court ordered that: (1) Megatel recover $13,725.24 in reasonable attorney's fees incurred in defending against Woodhull's 91a motion to dismiss, expressly declining to award Megatel any "fees for fees," and (2) Woodhull recover pre- and post-judgment interest from Megatel.

Megatel now appeals from the Amended Final Judgment. It raises four issues.

## ISSUE 1

In its first issue, Megatel contends that the district court erred by failing to award Megatel "fees for fees." *See Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 169 (Tex. App.—Austin 2017, pet. denied) (recoverability of attorney's fees is question of law reviewed de novo). Megatel contends that such fees were not only authorized but mandatory under former Rule 91a.7, the version of the rule in effect at the time Woodhull filed its Rule 91a motion to dismiss and thus the version that controls here. Megatel argues that

3

"fees for fees" are mandatory under former Rule 91a.7 because the rule requires that the prevailing party be awarded "all" its fees.  We disagree.

Former Rule 91a.7 provides that the trial court "must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court."  Tex. R. Civ. P. 91a.7, 76 Tex. B. J. 221, 222 (Tex. 2013, amended 2019).  While former Rule 91a.7 requires that the prevailing party be awarded "all" its costs, it does not require that the prevailing party be awarded "all" its fees.  Instead, it requires that the prevailing party be awarded its "reasonable and necessary" fees.  Such fees, moreover, must be "incurred with respect to the challenged cause of action."  In other words, to be recoverable, the fees must somehow concern the cause of action challenged in the motion to dismiss.  *See Evanston Ins. Co. v. ATOFINA Petrochems., Inc.*, 256 S.W.3d 660, 666 n.19 (Tex. 2008) ("with respect to" means "referring to" or "concerning").  The rule's official comment further emphasizes that there must be some connection between the fees incurred and the challenged cause of action:  "Attorney fees awarded under 91a.7 are limited to those associated with [the] challenged cause of action, including fees for preparing or responding to the motion to dismiss."  Tex. R. Civ. P. 91a.9 cmt., 76 Tex. B. J. at 223; *see also Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (explaining that "the prevailing party is limited to recovering the fees and costs associated with the cause of action that was challenged at the trial court level—in the motion to dismiss").  By emphasizing the need for a connection between the fees incurred and the challenged cause of action, the rule's text, supported by its comment, limits recoverable fees to fees incurred in attacking or defending the substantive claim challenged by the Rule 91a motion to dismiss.  *Cf. Austin Indep. Sch. Dist. v. Manbeck*, 338 S.W.3d 147, 150 (Tex. App.—Austin 2011) (workers'

compensation statute authorized claimants to recover attorneys' fees incurred in prevailing on issues on which carrier sought judicial review, but not fees incurred in pursuit of those fees), *aff'd in part, rev'd in part on other grounds Manbeck v. Austin Indep. Sch. Dist.*, 381 S.W.3d 528 (Tex. 2012).

Our general approach to fee-shifting likewise cautions against an expansive reading of former Rule 91a.7. Under Texas law, the general rule is the American Rule: Each litigant pays his own attorney's fees, regardless of who wins. Fee awards are the exception. They are prohibited "unless **specifically** provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009) (emphasis added). Former Rule 91a.7 does not specifically provide for the recovery of fees for fees, and inferring the recovery of such fees would not be a permissible way to construe the rule.

"In our legal system, *no* attorneys, . . . are entitled to receive fees for fee-defense litigation absent express statutory authorization." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 133–34 (2015). Such express authorization is absent here. We hold that former Rule 91a.7 does not authorize the trial court to award the prevailing party fees for fees. Accordingly, we overrule Megatel's first issue.

## ISSUE 2

In its second issue, Megatel argues that the district court erred in awarding pre- and post-judgment interest to Woodhull on remand because awarding such relief exceeded the scope of our mandate. *See In re A. H. S.*, 676 S.W.3d 355, 361 (Tex. App.—Tyler 2023, pet. denied) (whether district court's actions exceeded mandate is reviewed de novo). We agree that

5

the district court erred in awarding pre-judgment interest, but we disagree that the district court erred in awarding post-judgment interest.

## I. Pre-judgment interest

We begin by addressing whether the district court exceeded the scope of our mandate by awarding Woodhull pre-judgment interest on remand. A mandate is an appellate court's formal command requiring the lower court to comply with the appellate court's judgment. *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.). When an appellate court reverses a lower court's judgment and remands the case for further proceedings, the lower court is authorized to take all actions necessary to give full effect to the appellate court's judgment and mandate. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013). But the lower court has no authority to take any action inconsistent with or beyond the scope of the judgment and mandate. *Id.* To determine the scope of the mandate, the lower court looks not only to the mandate itself but also to the opinion of the appellate court. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986).

Here, our opinion held that the district court did not err in dismissing Megatel's claims but that the district court did err in failing to award Megatel its reasonable attorney's fees incurred in defending against Woodhull's motion to dismiss under Rule 91a. *Megatel Homes III*, 2023 WL 4373424, at *10. We therefore reversed the part of the district court's Original Final Judgment that denied Megatel an award of attorney's fees, remanded the case to the district court to hold a hearing on Megatel's fees, and affirmed the remainder of the Original Final Judgment. *Id.* Consistent with our opinion, in our mandate, we reversed the part of the district court's Original Final Judgment that denied Megatel an award of attorney's fees incurred in defending

6

against Woodhull's 91a motion, we affirmed the remainder of the Original Final Judgment, and we remanded the case to the district court for further proceedings consistent with our opinion. Thus, our mandate sent one issue back to the district court—the issue of Megatel's attorney's fees. Apart from that issue, we affirmed the Original Final Judgment in all respects, including the Original Final Judgment's denial of pre-judgment interest. Because we affirmed the Original Final Judgment's denial of pre-judgment interest, a determination of pre-judgment interest on remand was outside the scope of our mandate and inconsistent with our opinion.

When, as here, an appellate court remands a case on a particular issue but otherwise affirms the lower court's original judgment, on remand the lower court's authority is limited to resolving that particular issue, and, as a result, the parties cannot relitigate issues that were or could have been addressed in the initial trial and appeal. *See Hudson*, 711 S.W.2d at 630; *Spicer v. Maxus Healthcare Partners, LLC*, No. 02-21-00423-CV, 2023 WL 2033774, at *2 (Tex. App.—Fort Worth Feb. 16, 2023, no pet.) (mem. op.) ("[W]hen an appellate court remands a case with specific instructions, the trial court is limited to complying with the instructions and cannot relitigate issues that were or could have been controverted at the former trial."); *Scott Pelley P.C.*, 578 S.W.3d at 699 ("[W]hen the appellate court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue."). This is true even if the issues untimely raised on remand have merit. A case cited by Megatel illustrates this point.

In *Patriot Homes, Inc. v. Lopez*, the plaintiff sued the defendant for breach of contract. No. 04-06-00407-CV, 2007 WL 56708, at *1 (Tex. App.—San Antonio Jan. 10, 2007, no pet.) (mem. op.). After a bench trial, the trial court rendered a money judgment in favor of the plaintiff. The trial court offset the amount of damages by a rebate claimed by the defendant,

7

and it denied the plaintiff's motion for attorney's fees. The plaintiff appealed the offset, but it did not appeal the denial of its motion for fees even though fees were in fact recoverable. The court of appeals reversed the offset and remanded to the trial court for entry of a new judgment without the offset and a recalculation of interest. *Id.*

On remand, the plaintiff again moved for attorney's fees, and the trial court again denied the plaintiff's motion. The trial court then rendered a new judgment in accordance with the appellate court's mandate, and the plaintiff filed a second appeal, this time challenging the trial court's denial of its motion for fees. The court of appeals affirmed, holding that because the plaintiff failed to challenge the trial court's refusal to award attorney's fees in the initial appeal, the award of such fees was outside the scope of the remand. *Id.*

*Patriot Homes* is directly on point. There, like here, the prevailing party sought a form of relief that the trial court failed to award in the original judgment. There, like here, the prevailing party failed to appeal the trial court's refusal to award that relief in the initial appeal. And there, like here, the appellate court affirmed the original judgment in all respects but one, remanding the case on a discrete issue unrelated to the unappealed denial of relief.

We hold that the district court acted outside the scope of our mandate by awarding pre-judgment interest to Woodhull. *Cf. Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) (per curiam) ("[Plaintiff] waived any claim for prejudgment interest by failing to preserve her point of error on appeal."). Accordingly, we sustain this part of Megatel's second issue, and we modify the district court's Amended Final Judgment to remove the part that awards pre-judgment interest to Woodhull.

8

**II. Post-judgment interest**

Our holding on the district court's award of post-judgment interest is different. This is because, unlike pre-judgment interest, post-judgment interest is mandatory and automatically accrues on all money judgments regardless of whether it is specifically included in the judgment. *See* Tex. Fin. Code § 304.001 ("A money judgment of a court in this state must specify the postjudgment interest rate applicable to that judgment."); *Rainbow Grp., Ltd. v. Johnson*, No. 03-00-00559-CV, 2002 WL 1991141, at *13 (Tex. App.—Austin Aug. 30, 2002, pet. denied) (not designated for publication) ("Post-judgment interest is mandated pursuant to section 304.001 of the Texas Finance Code [and] recoverable whether or not specifically awarded in the judgment.").

So, when the district court specifically awarded post-judgment interest to Woodhull in the Amended Final Judgment, it did not grant Woodhull additional relief outside the scope of our mandate; rather, it clarified relief that Woodhull had already obtained. We hold that the district court did not act outside the scope of our mandate by awarding post-judgment interest to Woodhull on remand, and we accordingly overrule this part of Megatel's second issue.

**ISSUE 3**

In its third issue, Megatel raises two complaints about the way in which the district court awarded Megatel attorney's fees and costs in the Amended Final Judgment.

First, Megatel contends that the district court erred in awarding fees and costs to Megatel without specifying that the fees and costs are recoverable against or from Woodhull. On remand, Megatel submitted a proposed amended final judgment that would have ordered "that judgment is entered in favor of Megatel Homes III, LLC and against Woodhull Ventures 2015,

9

L.P." for the amount of attorney's fees and costs awarded by the district court. But the district court did not adopt this language and instead ordered in its Amended Final Judgment that "Megatel shall recover its reasonable attorneys' fees and costs associated with its successful defense of Woodhull's Rule 91a motion in the amount of $13,725.24." Megatel now complains that the district court erred by failing to specify that the recovery is against or from Woodhull. We disagree.

Although the district court did not adopt Megatel's proposed and preferred language, the only interpretation to which the Amended Final Judgment is reasonably susceptible is that the attorney's fees and costs awarded to Megatel are recoverable against and from Woodhull. Woodhull, for its part, does not dispute that the Amended Final Judgment orders it to pay Megatel its fees and costs. Thus, there is no dispute over whether Woodhull must pay Megatel its fees and costs awarded by the Amended Final Judgment, and we accordingly overrule this part of Megatel's third issue.

Megatel's second and more substantive complaint is that the district court erred in refusing to award Megatel post-judgment interest on its award of attorney's fees and costs. *Advanced Messaging Wireless, Inc. v. Campus Design, Inc.*, 190 S.W.3d 66, 71 (Tex. App.—Amarillo 2005, no pet.) (recoverability of post-judgment interest is question of law reviewed de novo). As discussed, under the Finance Code, post-judgment interest is mandatory and automatically accrues on all money judgments, even if not specifically awarded in the judgment itself. *See* Tex. Fin. Code § 304.001; *Rainbow Grp.*, 2002 WL 1991141, at *13. Megatel therefore argues that it is entitled to post-judgment interest on its award of fees and costs even though the district court did not specifically award such interest in its Amended Final Judgment. Woodhull responds that Megatel is not entitled to post-judgment interest because an award of

10

fees and costs under former Rule 91a does not amount to a money judgment on which post-judgment interest accrues. We agree with Megatel that the district court erred in failing to award post-judgment interest on Megatel's award of fees and costs. *See Rainbow Grp.*, 2002 WL 1991141, at *13

An award of attorney's fees is a severable claim that accrues post-judgment interest in its own right. *See Ventling v. Johnson*, 466 S.W.3d 143, 146, 152 (Tex. 2015) (treating "severable award of past attorney's fees" as independently subject to post-judgment interest and separately determining date from which interest accrued). Therefore, Megatel's award of fees and costs under former Rule 91a accrues post-judgment interest as a component of the Amended Final Judgment. The fact that the other components of the Amended Final Judgment are in Woodhull's favor does not prevent post-judgment interest from accruing on the component that is in Megatel's favor.

We hold that Megatel is statutorily entitled to post-judgment interest on its award of fees and costs, and we sustain this part of Megatel's third issue. *See* Tex. Fin. Code § 304.001; *Rainbow Grp.*, 2002 WL 1991141, at *13.

**ISSUE 4**

Finally, in its fourth issue, Megatel raises various complaints about its supersedeas bond, which it also raised in an earlier-filed Rule 24.4 motion. *See* Tex. R. App. P. 24.4. We already ruled on and granted that motion, resulting in a reduction in Megatel's bond. *Megatel Homes III, LLC v. Woodhull Ventures 2015, L.P.*, No. 03-24-00409-CV, 2025 WL 1084861, at *1 (Tex. App.—Austin Apr. 11, 2025, order) (per curiam) (mem. op.). Therefore, we overrule Megatel's fourth issue as moot.

**CONCLUSION**

We modify the district court's Amended Final Judgment to remove the part that orders that Woodhull shall recover $110,115.75 in pre-judgment interest from Megatel; we further modify the district court's Amended Final Judgment to order that Megatel shall recover post-judgment interest on its award of attorney's fees and costs at the same rate at which Woodhull recovers post-judgment interest, compounded annually from the date on which the judgment was signed until the date on which the award is satisfied; and we affirm the district court's Amended Final Judgment as modified.

_____
Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Modified and, as Modified, Affirmed

Filed:   May 28, 2026